UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JAMEEL LOCKHART**, <br><br> Plaintiff, <br><br> vs. <br><br> **STEVEN DELUCA,** *et al.*, <br><br> Defendants. | 2:23-CV-11873-TGB-EAS <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Jameel Lockhart, an individual without a lawyer, has filed a complaint, asserting various claims relating to debt collection on an auto loan. ECF No. 1. He seeks to proceed without prepaying filing fees. ECF No. 2. The case is before the Court for a review of his application to proceed without prepaying filing fees and an initial review of the complaint. For the reasons explained below, the application will be **GRANTED**, and the complaint will be **DISMISSED**.

**I.  Application to Proceed without Prepaying Filing Fees**

Lockhart has filed an application to proceed in forma pauperis—that is, without prepaying filing fees. *See* 28 U.S.C. § 1915(a)(1). The affidavit accompanying his application states that Lockhart has no income and not much in savings. ECF No. 2. This affidavit is sufficient to show that Lockhart is indigent, so the Court will **GRANT** the application and allow his complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).

1

## II. Initial Review of Complaint

Once an in forma pauperis complaint has been filed, the Court must review it to ensure that it plausibly states a claim for relief, is not frivolous or malicious, and does not seek monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, all litigants must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### A. Allegations

Lockhart's complaint concerns debt collection efforts that were taken against him on an auto loan for a 2011 Jaguar XJL. ECF No. 1, PageID.9.

As defendants, Lockhart names Steven Deluca, Wesley J. Neal, Judge Leslie Kim Smith, Judge Patricia Fresard, Holzman Law, and One Detroit Credit Union. *Id.* at PageID.1. He does not explain their connection to the case. As best as the Court can tell, Deluca and Neal are lawyers from Holzman Law. One Detroit Credit Union appears to be the

original lender, although Lockhart says it has since charged off his debt. *See id.* at PageID.6, 9. The Jaguar has apparently been repossessed; it is unclear by whom. *Id.* at PageID.9.

According to the complaint, Lockhart has received numerous harassing letters about his auto loan. *Id.* at PageID.6, 9. He does not specify which defendant sent them. He says that, when he demanded validation of the debt they concerned,[1] the debt was sold to a debt collector to avoid providing validation, and attorney Deluca conducted an unauthorized "hard inquiry" into his credit file, impacting his credit score.[2] *Id.* at PageID.6, 8. Lockhart denies being responsible for the debt

---

[1] 15 U.S.C. § 1692g governs debt validation. Under this statute, a debt collector must provide a debtor with a written notice containing (1) the amount of the debt, (2) the creditor's name, (3) a statement that the consumer has thirty days to dispute the debt's validity, and (4) a statement that the consumer may demand validation of the debt within that thirty-day period. If the consumer disputes the debt and demands validation of the debt in the writing within that thirty-day period, the debt collector must cease collection efforts until validation is provided.

[2] A "hard inquiry," as opposed to a "soft inquiry," is a credit check that may temporarily lower an individual's credit score. *See, e.g.*, *Obarski v. Client Servs., Inc.*, 554 F. App'x 90, 91 n.1 (3d Cir. 2014). A "hard inquiry" typically occurs when a consumer applies for a new line of credit. A "soft inquiry," meanwhile, has no impact on a credit score and usually occurs when a consumer accesses their own credit report, a company with whom the consumer has a pre-existing business relationship checks a consumer's credit to prequalify that consumer for a marketing offer, or a potential employer investigates an individual's credit. *See generally Why Did I Get an Inquiry on My Credit Report?*, TransUnion (Dec. 11, 2019), https://www.transunion.com/blog/credit-advice/why-did-i-get-an-inquiry-on-my-credit-report (last accessed Aug. 18, 2023).

3

and says that his most recent statement from Detroit One Credit Union reflects a zero balance. *Id.* at PageID.6, 9.

Lockhart continues that, at some point, one of the defendants (again he does not specify which one) reported false information to the credit bureaus. *Id.* at PageID.6. According to Lockhart, this action damaged him in several ways, including by causing him money damages and emotional distress and by causing his credit score to plummet. *Id.* Lockhart further alleges that that, although the debt is disputed, none of the line items on his credit report reflect that. *Id.* at PageID.7

Lockhart asserts that the defendants defamed him by reporting false information to the credit bureaus. *Id.* at PageID.6. He further charges that all the defendants he has named acted maliciously and violated the Fair Debt Collection Practices Act (FDCPA). *Id.* at PageID.7-8. Additionally, he says that Holzman Law is not a licensed debt collector, does not have a bond as required by the FDCPA, and its attorneys are not licensed to practice law. *Id.* Finally, Lockhart asserts that the defendants do not maintain a registration with the U.S. Attorney General, as required by the Foreign Agents Registration Act (FARA). *Id.* At the end of his complaint, Lockhart lists nine "claims:" (1) violation of the FARA; (2) violation of the FDCPA; (3) violation of the Racketeering Influenced and Corrupt Organizations Act (RICO); (4) legal prejudice; (5) failure to establish agency; (6) violation of the right to contract; (7) mail fraud in violation of 18 U.S.C. § 1341; (8) wire fraud statute in

4

violation of 18 U.S.C. § 1343; and (9) conspiracy to violate his right to property. *Id.* at PageID.8-9. He asks for $1.5 million in damages and the return of his Jaguar. *Id.* at PageID.11.

### B. Discussion

#### 1) Claims Against State Judges

The law recognizes a doctrine of judicial immunity which bars claims such as Lockhart's against Judge Leslie Kim Smith and Judge Patricia Fresard. Judges are absolutely immune from liability in suits arising from the performance of their judicial functions, even when they commit procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) (noting that immunity applies "even when the judge is accused of acting maliciously and corruptly [because] it is not for the … benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions" (internal quotations omitted)). Accordingly, all claims against Judge Leslie Kim Smith and Judge Patricia Fresard must be dismissed.

#### 2) Violations of FARA

The Foreign Agents Registration Act, 22 U.S.C. § 611-621, was enacted "to protect the national defense, internal security, and foreign relations of the United States" and requires agents of foreign principals to file detailed registration statements with the Attorney General, describing the nature of their business and political activities. *Meese v.*

*Keene*, 481 U.S. 465, 469 (1987) (internal quotations omitted). The FARA defines a "foreign principal" as "a government of a foreign country and a foreign political party," "a person outside of the United States," or "a partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country." 22 U.S.C. § 611(b).

None of the defendants are acting on behalf of "foreign principals." Additionally, the FARA does not contemplate enforcement by private individuals like Lockhart. *See* 22 U.S.C. § 618 (enforcement and penalties). FARA is wholly inapplicable here.

### 3) FDCPA Violations

The Fair Debt Collection Practices Act was enacted to curb abusive debt collection practices. 15 U.S.C. § 1692. It "prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014); *see generally id.* § 1692c (communication regarding debt collection); *id.* § 1692d (harassment or abuse); *id.* § 1692e (false or misleading representations); *id.* § 1692f (unfair practices); *id.* § 1692g (validation of debt). To determine whether conduct fits within the scope of the FDCPA, the conduct is viewed through the eyes of the "least sophisticated consumer." *Id.*

Although the FDCPA is broad, Lockhart's complaint lacks allegations regarding which defendants are responsible for which

6

violations. Lockhart alleges that Holzman Law and attorney Deluca are unlicensed debt collectors. ECF No. 1, PageID.8. Beyond this, however, the only conduct he attributes to any specific defendant is an allegedly unauthorized hard inquiry into his credit file by Deluca. A single hard inquiry generally is not considered "harassing" or "unfair" conduct within the meaning of the FDCPA. *See Bostic v. Michael Andrews & Assocs., LLC*, No. 21-10419, 2021 WL 4889591, at *6 (E.D. Mich. Oct. 19, 2021) (Borman, J.); *see also Ramirez v. Mandarich Law Grp., LLP*, No. 18-03257, 2019 WL 1426015, at *3 (N.D. Ill. Mar. 29, 2019) ("[Plaintiff]'s allegation of a *single* hard inquiry, without more, is insufficient to state a claim."); *Thiessen v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14-05520, 2015 WL 3643989, at *2 (E.D. Pa. June 12, 2015) ("Far from engaging in any type of harassing conduct, [Defendant] … accessed plaintiff's consumer report on one occasion.").

Otherwise, Lockhart alleges only generally that he received some "harassing" letters. ECF No. 1, PageID.6. He does not detail the contents of those letters, nor does he specify which defendant sent them. He does not specify which defendant failed to provide him with validation of the debt when he asked for it, nor does he specify which defendant allegedly furnished false information to the credit bureaus. *Id.* Perhaps most fatally, Lockhart does not identify which provisions of the FDCPA he believes were violated.

7

Accordingly, Lockhart has failed to state a cognizable FDCPA claim. "[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (internal citations and alterations omitted); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (holding that district courts are not required to "affirmatively … ferret out the strongest cause of action on behalf of pro se litigants").

**4) RICO Violations**

The Racketeering Influenced and Corrupt Organizations Act, or RICO, was enacted to curb "racketeering activity," which it defines as any act "chargeable" under several generically described state criminal laws, any act "indictable" under numerous specific federal criminal provisions, including mail and wire fraud, and any "offense" involving bankruptcy or securities fraud or drug-related activities that is "punishable" under federal law." 18 U.S.C. § 1961(1); *see also Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481-82 (1985).

For violations of RICO, Congress has provided primarily criminal penalties. *See* 18 U.S.C. § 1963. But § 1964 establishes a civil cause of action for "[a]ny person injured in his business of property by reason of a violation of [18 U.S.C. § 1962]." To state a RICO claim, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L.*, 473 U.S. at 496. The Sixth Circuit has instructed that RICO pleadings must be liberally construed,

8

*Begala v. PNC Bank*, 214 F.3d 776, 781 (6th Cir. 2000), but plaintiffs nonetheless must offer allegations establishing each element.

Each of these elements, in turn, has its own sub-elements. To plead an enterprise, for instance, a plaintiff must allege: 1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; 2) that the members of the enterprise functioned as a continuing unit with established duties; and 3) that the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged. *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 793 (6th Cir. 2012). As for the "conduct" element, the plaintiff's allegations must establish that a defendant participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c). Finally, establishing a "pattern of racketeering activity" requires at least two acts of racketeering within ten years of one another. *See* 18 U.S.C. § 1961(5).

Lockhart's allegations are insufficient establish any of the necessary elements, so he has failed to state a claim for a RICO violation.

### 5) Other Federal Criminal Statutes

Lockhart seeks to assert claims under 18 U.S.C. § 1341 and 18 U.S.C. § 1343, the federal criminal mail- and wire-fraud statutes. Neither of these statutes create private causes of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a

9

judicially cognizable interest in the prosecution or nonprosecution of another."). Lockhart cannot bring a civil claim under these criminal statutes.

### 6) Claims for Violation of Civil Rights and Conspiracy to Violate Civil Rights

Lockhart asserts that the defendants violated his constitutional right to contract freely and his constitutional right to property.

To state a claim for a civil rights violation, *see* 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendants acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Lockhart has named only private attorneys and a credit union as defendants. None of these parties act on behalf of the state, so he has no § 1983 claim. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) ("[M]ost rights secured by the Constitution are protected only against infringement by governments.")

Lockhart has also failed to state a claim for conspiracy to interfere with his civil rights. *See* 42 U.S.C. § 1985(3). To state a § 1985(3) claim, a plaintiff must allege (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States (5)

10

which was motivated by a class-based animus. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Lockhart's allegations do not describe the contours of any conspiracy, nor do they contain sufficient factual matter to enable the Court to infer that any defendant took any action against him because of his membership in a protected class.

### 7) State Law Claims

Lockhart's complaint also proposes "legal prejudice" and "failure to establish agency" as causes of action.

These are not cognizable claims under Michigan law. In any event, the Court would lack jurisdiction over a claim for violation of Michigan law. The parties in this case are not diverse (they are all from Michigan), and there are no cognizable federal claims triggering the Court's supplemental authority over any state-law claims.

## III. Conclusion

For the reasons explained above, Lockhart's request to proceed in forma pauperis is **GRANTED**. His complaint is **DISMISSED without prejudice** for failure to state a claim under § 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 13th day of September, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

11